CREELMAN v. MARKS.

Slander for several sets of words (with a *colloquium*, &c.;) some of which charged the plaintiff with having sued the defendant on a note he had never signed, &c.; the others, with having signed the defendant's name to said note without his permission, &c. *Held*, that the suit would lie for the latter words, but not for the former.

To said words charging the plaintiff with signing the defendant's name to the note without his permission, a plea that the plaintiff did sign the defendant's name to said note without his permission, was held to be good.

It is not sufficient in such action, that the words proved have the same meaning with those laid. All the words laid need not be proved, but so many of them must be proved as will support the action.

ERROR to the *Fayette* Circuit Court.

*Friday,*
*November* 29.

BLACKFORD, J.—*Marks* brought an action of slander against *Creelman.* The declaration avers that, on, &c., the defendant made his promissory note to the plaintiff and another person for a certain sum of money; that a suit was pending on the note; that the defendant knowing the premises, and intending, &c., heretofore, to wit, on, &c., in a certain discourse of and concerning the plaintiff, and of and concerning said note, and of and concerning said suit, falsely and maliciously, in the presence and hearing, &c., spoke and published of and concerning the plaintiff, and of and concerning said note, and of and concerning said suit, the false, malicious, and defamatory words following, that is, to say, 1. "He (meaning the plaintiff) has sued me upon a note of hand (meaning the note above described) that I never signed, either by putting my name or mark to it, or ordering it to be done." 2. "He (meaning the plaintiff) signed my name to said note (meaning the note above described) without my permission." 3. "I never signed said note," (meaning the note above described.) 4. "He (meaning the plaintiff) has committed forgery." 5. "The said note (meaning the note above described as executed by the defendant) is a forgery." Thereby then and there meaning that the plaintiff had been and was guilty of forging said note.

There was a demurrer to each of said sets of words, which was correctly overruled as to the second and fourth sets, and correctly sustained as to the others.

Pleas, 1. Not guilty; 2. That the words were true, &c.;

3. To the words, "He (meaning said plaintiff) signed my name to said note (meaning the note above specified) without my permission," the defendant says *actio non*, because he says that the plaintiff did, on, &c., at, &c., sign the defendant's name to said note without his permission; wherefore, &c. Replication, *de injuria*, to the second plea, and a general demurrer to the third, which demurrer was sustained. The issues in fact were tried by a jury, and a verdict and judgment rendered for the plaintiff.

We think the third plea is good, though the second set of words should not be considered actionable without the prefatory allegation and *colloquium* in the declaration relative to the note, as we understand the words "the said note" used in the plea, to refer to the note mentioned in that set of words and in the prefatory allegation and *colloquium*. The demurrer to that plea should have been overruled.

There is also an error in one of the instructions to the jury. The Court instructed the jury, that "a charge that *Marks* had signed my name to a note without my leave, and I call that forgery," is substantially the same as the charge, "*Marks* has committed forgery." The jury would understand from that instruction, that the last-named words, which are the fourth set in the declaration, would be proved by evidence of the speaking of the words first above named; but that is not the law. The circumstance that the words proved have the same meaning with those laid is not sufficient. All the words laid need not be proved, but so many of them must be proved as will support the action. *Wheeler* v. *Robb*, 1 Blackf. 330.—*Linville* v. *Earlywine*, 4 *id.* 469.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. W. Parker* and *J. S. Newman*, for the plaintiff.

*C. B. Smith*, for the defendant.