## ISELEY *v.* LOVEJOY.

It is sufficient in slander that so many of the words of any set charged be proved as constitute, of themselves, the slanderous accusation.

The practice as stated in *Mann et al.* v. *Clifton,* 3 Blackf. 304, when a party discovers any of his witnesses to be intoxicated, was recognized as correct.

A party moved for a new trial on the ground that a material witness for him was incapacitated, by intoxication, to give evidence on the trial. For aught shown by the affidavits in support of the motion, the party might have previously known of the intoxication, and have been instrumental in occasioning it. *Held,* that the motion was rightly overruled.

*Quære* as to the amount of damages recoverable in slander, if the defendant spoke the words when intoxicated and in the heat of passion.

ERROR to the *Decatur* Circuit Court.

PERKINS, J.—This was an action of slander. The charge complained of as slanderous was that of larceny. Verdict for the plaintiff for 637 dollars. A motion for a new trial was overruled, and judgment rendered on the verdict. An exception was taken to the opinion of the Court refusing the motion for a new trial, and the decision on that motion is assigned for error.

The plaintiff in this Court objects to that decision on three grounds, the first of which is, that no set of slanderous words laid in the declaration was proved.

The first count of the declaration contains the following: "I believe that you stole the knife." "You stole the knife and that is the way to tell it." *James Murphy,* one of the witnesses for the plaintiff, testified to these words, viz.: "I have said you stole the knife and still say it." The rule heretofore adopted by this Court touching the question under consideration is, that all of any given set of words need not

necessarily be proved, but so many only of the identical words charged in such set as are necessary to constitute, of themselves, the slanderous accusation. *Creelman* v. *Marks*, 7 Blackf. 281, and the cases cited. We think the proof in this case brings it within the rule.

It is next insisted that the Court should have granted a new trial because a material witness for the plaintiff in error, *Nathan P. Swails*, was incapacitated, by intoxication, to give testimony on the trial. The course of practice to be pursued when a party dicovers a witness needed upon the stand to be intoxicated, is given in *Mann et al.* v. *Clifton*, 3 Blackf. 304. In their opinion refusing to disturb a decision denying a new trial in that case, the Court say, "It was the duty of the defendants, as soon as they discovered the witness to be intoxicated, to inform the Court of the fact. The Court might then have examined into the circumstances of the case, and upon their finding that the witness, without the defendants' fault, was not in a situation to be examined, they might have delayed the trial for a short time, or have continued the cause until the next term, according as the circumstances required." In the present case, the plaintiff in error did or did not adopt this practice. If he did, and the Circuit Court wrongfully refused to delay the trial or continue the cause, it is through his negligence that those facts do not appear upon the record. If he did not adopt it, it was likewise through his negligence, and a party must not complain in this Court of misfortunes that occur below through his own fault.

But the plaintiff in error puts it on the ground of surprise. Without expressing any opinion as to what might be our decision were such a case of surprise made out as that insisted on, we do not think it sufficiently shown in this case. The affidavits relied on to establish the surprise are the following: "*Philip Iseley* being sworn in open Court deposeth and saith, that he knows the aforesaid affidavit of *Erwin W. Madison* to be true in substance and fact." The affidavit of *Madison* thus verified by *Iseley* is, so far as it makes statements for *Iseley*, that "he (*Madison*) does not believe that *Iseley* knew that said *Swails* was intoxicated until he was called in to be examined;" and "which circumstance he thinks took said *Iseley* by surprise." These affidavits amount to this, that

*Madison*, the attorney, thinks *Iseley*, his client, was surprised, and *Iseley* knows *Madison* thinks so. For aught that appears by these affidavits, *Iseley* may not only have previously known of *Swails's* intoxication, but may have been instrumental in occasioning it.

Excessive damages is the next ground relied on to show error in the refusal of the new trial. It is insisted that the slanderous words alleged were spoken by the plaintiff in error when in a state of intoxication, and in "the heat of passion;" that under such circumstances the law gives but nominal damages; and that, therefore, in this case, they are "strikingly excessive." Without inquiring whether, if the facts were as assumed, the law is correctly stated, it is sufficient here to say that we are not satisfied that the assumption as to the facts is sustained by the record. It appears that after the plaintiff in error had made the slanderous accusation, a quarrel ensued in which it was repeated "in the heat of passion;" and after this quarrel, the witnesses state that "he drank more" and became partially intoxicated; but before the first uttering of the words, though there seems to have been some misunderstanding, in regard to which the plaintiff in error appears at fault, we are not able to say from the vague testimony on the record, that much of passion had arisen, or what was the ground of contention.

*Per Curiam.*—The judgment is affirmed with *2 per cent.* damages and costs.

*J. Morrison* and *S. Major,* for the plaintiff.

*J. Ryman,* for the defendant.

END OF MAY TERM, 1847.