### ABSHIRE *v.* CLINE.

In a count in slander, the words alleged to have been spoken by the defendant, were as follows: "*Sarah Jane*" (meaning the plaintiff,) "told me" (meaning the defendant) "that her brothers" (meaning certain brothers therein before mentioned) "had" (using obscene words importing carnal intercourse) "with her; thereby then and there meaning and charging that the said plaintiff had then and there confessed to him, the said defendant, that she had been and was guilty of sexual and incestuous intercourse with her brothers," &c. *Held*, that the words, with the accompanying averments, imputed fornication, and, as they were alleged to have been spoken of a female, were actionable, under the statute.

To a count in slander charging the defendant with the speaking of words imputing to the plaintiff the crime of incest with her brothers, the defendant pleaded "that the plaintiff did, on," &c., "at," &c., "tell the defendant that her said brothers had had sexual and illicit intercourse with her," &c. *Held*, that a demurrer to the plea was properly sustained.

To the count last named, the defendant pleaded, in justification of the words spoken, that the plaintiff had been guilty of incestuous intercourse with her said brothers, before the speaking and publishing of the words, &c., and the Court, upon the trial, refused to admit evidence that the plaintiff had been guilty of such sexual intercourse. *Held*, that the evidence was improperly excluded.

In an action of slander, the defendant cannot prove, under the general issue, the truth of the words laid in the declaration in order to rebut the inference of malice.

ERROR to the *Elkhart* Circuit Court.

SMITH, J.—This was an action for slander, by *Cline* against the plaintiff in error.

The declaration contained two counts. The first count charged that the defendant had spoken words of and con-

cerning the plaintiff, importing that the defendant had committed fornication with the plaintiff.

The words alleged to have been spoken, by the second count, were as follows : " *Sarah Jane*" (meaning the plaintiff) "told me" (the defendant) " that her brothers " (meaning certain brothers of the plaintiff before mentioned) "had" (using obscene words importing carnal intercourse) " with her; thereby then and there meaning and charging that the said plaintiff had then and there confessed to him, the said defendant, that she had been and was guilty of sexual and incestuous intercourse with her said brothers," &c.

The defendant pleaded the general issue; and, also, two pleas to the second count.

The first plea to the second count averred, in justification of the words spoken, that the plaintiff was guilty of incestuous intercourse with her said brothers, before the speaking and publishing of the words, &c.

The second plea to this count averred that the plaintiff did, on, &c., at, &c., tell the defendant that her said brothers had had sexual and illicit intercourse with her.

This plea was demurred to and the demurrer was sustained.

A trial was then had on the remaining issues, and the plaintiff obtained a verdict and judgment.

A bill of exceptions shows that the defendant offered to prove by a witness introduced by him, the truth of the words charged by the first count, for the purpose of rebutting the inference of malice, which the Court refused to permit him to do. The defendant, also, to sustain the plea to the second count, offered to prove by two witnesses, that the plaintiff was guilty of incestuous intercourse with her said brothers, for the purpose of corroborating the testimony of one *Wright*, who had testified that the plaintiff communicated to him that she had had sexual intercourse with her brothers; which evidence was objected to, and was excluded by the Court.

One of the errors assigned is, that the Court errone-

ously sustained the demurrer above mentioned. The plaintiff in error contends that the second count is itself bad, for the reason that the words alleged to have been spoken are not actionable. We think, however, the words charged in the second count, with the accompanying averments, impute the crime of fornication, and, therefore, as they are alleged to have been spoken of a female, they are actionable. R. S. c. 40, s. 128, p. 691. This case differs from that of *Lumpkins* v. *Justice et ux.* Ind. R. 322 (1), as that was a suit brought by a male plaintiff, who would not have been indictable for a mere act of fornication or adultery, and as against whom words spoken imputing such an act, are not made actionable by the statute. The words alleged by this count to have been spoken, do not, perhaps, amount to a directly affirmative charge that the plaintiff had been guilty of fornication, but it is not necessary that they should. If the words were calculated to induce the hearers to suppose or understand that the plaintiff was guilty of the crime imputed, an action may be sustained. *Drummond* v. *Leslie*, 5 Blackf. 453. There can be no doubt that the words in question are of that character.

The second plea to the second count is useless. It can only be considered good by regarding it as similar, in substance, to the first plea. Under that plea, admissions of the plaintiff that she had been guilty of the crime imputed by the words alleged to be slanderous in the count to which it was pleaded, were admissible evidence. But the words set out in that count are actionable, because spoken in a malicious sense, and it would be no justification to prove that the plaintiff had said something in jest, which, if spoken seriously, might have amounted to an admission of the crime imputed; while, on the other hand, if the defendant wished to prove that he spoke the words on a justifiable occasion, without malice, he could have done so under the general issue. *Abrams* v. *Smith*, 8 Blackf. 95. We think, therefore, the demurrer to this plea was correctly sustained.

Nov. Term, 1851.

ABSHIRE
v.
CLINE.

Nov. Term,
1851.

The next error assigned is, that the Court erred in excluding the evidence offered by the defendant.

There was no error committed in refusing to permit the defendant to prove the truth of the words charged by the first count, for the purpose of rebutting the inference of malice. It is well settled that such evidence is not admissible for that purpose, under the general issue. *Burke* v. *Miller*, 6 Blackf. 155.

But proof that the plaintiff had been guilty of sexual intercourse with her brothers, was admissible under the plea of justification to the second count. Such evidence was certainly pertinent to the issue made by that plea, and the Circuit Court erred in excluding it.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. Barbour*, for the plaintiff.

