## PETER G. MOYER *vs.* ANANIAS PINE.

Under a plea of the general issue, in an action on the case for slander, a defendant cannot give evidence of a threat of the plaintiff "that he would ruin him and drive him out of town," which threat came to the knowledge of the defendant, previous to the speaking of the words alleged to be slanderous.

In an action on the case for slander, common reports in circulation in regard to the plaintiff's being suspected, previous to the speaking of the slanderous words, of having committed the crime imputed to him, cannot be considered by the jury, for the purpose of contradicting the statement in the plaintiff's declaration, that his character had not been suspected until the speaking of the words, or that he was guilty of the offence charged by the defendant.

Whether such reports can be considered by the jury for the purpose of showing a want of malice in the defendant, *quere.*

Question reserved from Washtenaw Circuit, on motion for a new trial.

This was an action on the case, for slander, brought by the plaintiff against the defendant, for uttering certain slanderous words, the substance of which was, that the plaintiff

52

Peter G. Moyer *vs.* Ananias Pine.

had burned the defendant's mill, and that he, the defendant, could prove it.

The declaration was in the usual form, averring that the plaintiff was not suspected of the offence until the speaking of the words ; to which declaration the defendant plead the general issue.

On the trial, the defendant offered to prove that the plaintiff had threatened to ruin the defendant, and drive him out of town, and that said threat came to the knowledge of the defendant previous to the speaking of the words ; which testimony was rejected by the Court.

The Court permitted testimony to be given on the part of the defendant, that reports were in circulation in regard to the plaintiff's being suspected of having burned defendant's mill, previous to the speaking of the words charged in the declaration ; and charged the jury that these reports could be considered by them for the purpose of showing a want of malice in the defendant ; but refused to charge the jury that these reports might be considered by them, for the purpose of contradicting the statement in the plaintiff's declaration, that his character had not been suspected until the speaking of the words, or that he was guilty of the offence charged by the defendant.

That the defendant was precluded by his plea from showing any circumstances tending to prove the guilt of the plaintiff, and that such reports could only be considered for the purpose of rebutting the presumption of malice, thereby mitigating the damages.

Defendant moved for a new trial, for the reason that the Court erred in the foregoing ruling and charge.

*Lyman D. Norris,* for plaintiff, cited, as to evidence of threats of plaintiff previous to the alleged slander : Stark. on Slan., 263, 434, 374; Coleman *vs.* Southwick, 9 J. R., 48. See also, Leicester *vs.* Walter, 2 Camp., 251; ——— *vs.* Moore, 1

Maule & Selwyn, 286; Larned *vs.* Buffington, 3 Mass., 546; Craig *vs.* Callett, 5 Dana, 323; Davis *vs.* Griffith, 4 Gill & J., 342; Andrews *vs.* Bartholomew, 2 Metc., 509; May *vs.* Brown, 3 Barn. & Cress, 113; Underwood *vs.* Parks, 2 Strange, 1200; Thompson *vs.* Bowers, 1 Douglas, 322. And the following cases, in which general reports, or general suspicions were admitted, for various purposes: Leicester *vs.* Walter, 2 Camp., 252; —— *vs.* Moor, 1 Maul. and Sel., 285—reluctantly admitted in mitigation; Middleton and wife *vs.* Calloway, 2 A. R., Marshall, 372—admitted in mitigation as extenuating malice; Hunt *vs.* Reed, 1 B. Mon., 166—(limiting Middleton *vs.* Calloway); Bradley *vs.* Gibson, 9 Ala., 406—(after the plaintiff's general character was shown to be bad); Treat *vs.* Browning, 4 Ct., 409—(partially as evidence of general character); Williams *vs.* Mayer, 1 Binney, 92 (note)—(to extenuate malice). Also, the following cases, in which general reports, or general suspicion, were either not admitted, or admitted as rebutting evidence on the subject of malice: Waithman *vs.* Weaver, 11 Price, 257; Holmes *vs.* Woolmer, 1 Jurist., 119—(said to have been rejected by Lord Abinger); Saunders *vs.* Miller, 6 Bing., 213, 214; Ridley *vs.* Perry, 16 Me., 21; McAlexander *vs.* Harris, 6 Mum., 465; Scott *vs.* McK., 15 Ala., 662; Young *vs.* Bennett, 4 Scam., 43; Anthony *vs.* Stephens, 1 Mo., 254—(not even in mitigation); Lewis *vs.* Miles, 1 Root., 346; Matson *vs.* Buck, 5 Cow., 499; Gilman *vs.* Lowell, 8 Wend., 573; Wolcott *vs.* Hall, 6 Mass., 514; Alderman *vs.* French, 1 Pick., 18; Morris *vs.* Barker, 4 Harrington, 520; Cook *vs.* Benkley, Pennington, 170; Long *vs.* Brougher, 54 Watts, 39.

*Lawrence & Gott*, for plaintiff, cited, Stark. on Slan. Introduc., 20; Earl of Leicester *vs.* Walter, 2 Camp. C., 251; —— *vs.* Moor, 1 Maule & Sel., 284; Hyde *vs.* Bailey, 3 Conn. R., 466; Treat *vs.* Browning, 4 Conn. R., 414; Buford *vs.*

M'Luny, 1 Nott & McCord, 268; 2 Stark. on Slan., 96, note 1; Ib., 97, note 1; Ib. Introduc., 43 to 48.

By the Court, MARTIN, J.

The Court properly rejected the testimony offered by the defendant, to show the plaintiff had threatened to ruin him and drive him out of town, and that said threat came to the knowledge of the defendant previous to the speaking of the words. There is no immediate connection between the threats and the defendant's knowledge of them, and the speaking of the words charged to be slanderous.

Under this proposition, threats which had been made at any length of time before, and which may have been known to the defendant for an indefinite period, are included. The offer was to show threats, and knowledge of them *previous* to the speaking of the words, and such evidence would have no tendency to show sudden provocation in extenuation of the defendant's conduct, or to repel the presumption of malice. On the contrary, its tendency would be to show settled malice and vindictive purpose in the defendant; to establish a mutual hostility, and would operate to his detriment, rather than to his advantage. Nor do we think the Court erred in the charge respecting the effect of the evidence that reports were in circulation in regard to the plaintiff's being suspected of having burned the defendant's mill, previous to his speaking the words charged in the declaration. It will be observed that the testimony is not of general suspicion, nor of general character, nor of suspicions themselves, but of reports of suspicions.

Whether evidence of general suspicions is admissible under the general issue, is a question upon which the Courts are not agreed; and, although it has been held, that when the plaintiff avers in his declaration that he was never guilty, nor suspected of the crime imputed to him, the defendant may

Peter G. Moyer *vs.* Ananias Pinc.

disprove the latter allegation, by evidence showing that he was suspected, yet this rule is by no means generally adopted, if it be not entirely exploded.

However this may be, we are not called upon in this case, to adopt or to reject either one rule or the other, as the evidence offered was neither to show general suspicion, nor that he was suspected at all, but was confined to reports of suspicion. If there was any error in the case, it was in allowing the evidence to be received for any purpose. The plaintiff may be reported to be suspected, and yet not have been generally, or at all suspected.

There may have been but a single report; or if more, all may have emanated from the defendant, and have been confined to those within his immediate influence; while before the community in which he resides, the plaintiff may be beyond the suspicion of the commission of this, or any other crime. To allow this kind of evidence in these cases, would permit a defendant in all cases to defeat the purposes of the action, when the plaintiff seeks to vindicate his character from unjust aspersions. The Court then, properly confined the effect of this evidence to the mitigation of damages, and in allowing it to be considered for that purpose, went to the extreme verge of the law, if not beyond it, in favor of the defendant.

Let it be certified to the Circuit Court for the County of Washtenaw, as the opinion of this Court, that the motion for a new trial should be denied.

Present, MARTIN, GREEN, BACON, and DOUGLASS, J. J.