Fletcher et ux. v. Burroughs et ux.

---

FLETCHER *et ux.* v. BURROUGHS *et ux.*

1. ERROR: PREJUDICE. A judgment will not be reversed because a ruling of the court below, when considered as an abstract proposition, was erroneous, if it is not shown by the record that the appellant was prejudiced thereby.

2. MITIGATION OF DAMAGES. *Semble*, that in an action for slanderous words spoken, concerning the chastity of the plaintiff, the defendant may show in mitigation of damages that the reputation of the plaintiff was bad.

3. DISCRETION IN LIMITING COUNSEL. The exercise of the discretion vested in the District Court, in limiting the time occupied by counsel in arguments to a jury, will not be disturbed by the Supreme Court, when it is not made manifest that the appellant has been injured thereby.

4. BILL OF EXCEPTIONS: EXHIBITS. Instructions given or refused, which are not embodied in a bill of exceptions, but are referred to therein as exhibits appended thereto, will not be considered by the Supreme Court as properly a part of the record.

*Appeal from Floyd District Court.*

SATURDAY, OCTOBER 6.

ACTION for slanderous words, alleged to have been spoken by the defendant Margaret R. Burroughs, of and concerning the chastity of the plaintiff Nancy Fletcher. The answer denied the allegations of the petition. On the trial the plaintiffs, who are the appellants, excepted to certain rulings of the court, which are presented in the opinion.

The instructions asked by the defendant and given by the court, are not set out in the bill of exceptions, but are referred to as " the instructions contained in Exhibit A hereto attached, and made a part hereof," and as " the words contained in Exhibit B hereto attached, and made a part hereof," to all of which it is recited, the plaintiff at the time excepted. Judgment for defendant.

*Milo McGlathery, D. W. Poindexter* and *M. Conger* for the appellants.

*Wiltse* and *Fairfield* for the appellees.

BALDWIN, J.—The defendants upon the trial of this cause introduced certain witnesses, and among other questions asked them if they were acquainted with the reputation of plaintiffs. The plaintiffs objected to the form of the questions thus asked, for the reason that the witnesses were not confined to the general reputation of plaintiffs, and to their character prior to the commencement of this action.

The objections were overruled, and the witnesses each responded that the reputation of plaintiffs was bad.    This ruling of the court is the first error assigned.    The record does not bring before us all the evidence introduced upon the trial in the District Court.    What facts were testified to by the plaintiffs' witnesses in relation to plaintiffs' character, or what questions were propounded to defendants' witnesses, both before and after the objectionable questions were asked, do not appear.    To reverse a cause upon the ruling of the court upon abstract questions, without it being made to appear in what manner the rights of the appellants were prejudiced thereby, would be manifestly unjust to the appellees. We are inclined, however, to the opinion that the defendants had a right to show, at least in mitigation of damages, that the plaintiffs' reputation was bad.

It is further claimed by the appellant that the court erred in limiting the counsel in their argument of the cause before the jury.    It appears from the bill of exceptions that one attorney on each side had all the time they wished to occupy, but that the counsel who followed were limited to a certain time.    This is so much a matter of discretion with the District Court, that unless it should appear that a party was greatly prejudiced by the exercise of such power the appellate court should not interfere.

The instructions asked by plaintiffs and refused by the court, which are properly embraced in the bill of exceptions are based entirely upon the evidence, and whether they were properly refused, or not, would depend altogether upon evidence before the jury.

The instructions given and refused, attached to the bill of exceptions and referred to as exhibits "A" and "B" are not made a part of the record in such a manner as will entitle them to the consideration of this court.    3 Iowa 150, 216; 4 Iowa 349.

Judgment affirmed.