## CHASE v. SCOTT.

1. **Practice:** ON APPEAL. Errors complained of, and the prejudice resulting therefrom, must be affirmatively shown by the party complaining, on appeal. Every presumption will be indulged in favor of the ruling of the court below.

2. **Refusal of instructions:** ADMISSION OF EVIDENCE. It is accordingly *held*, that the refusal of a correct instruction will not be regarded as erroneous, when the instructions given by the court are not contained in the record. It will be presumed that the instruction refused was sufficiently covered by the court's charge.

3. ——— And in the absence of sufficient evidence to determine the question, the appellate court will presume the existence of a state of facts rendering testimony objected to, properly admissible.

4. ——— And that instructions were properly refused, in the absence of sufficient evidence to show their pertinency. The better practice in such case is not to embody the evidence itself in the bill of exceptions, but a statement of the facts which it tended to establish.

5. **Partnership:** SALE OF PARTNER'S INTEREST: LIEN. Where one partner sells his interest in specific property of the firm, the other partner has the right to retain possession of it for the purpose of settling the business of the partnership.

*Appeal from Appanoose Circuit Court.*

THURSDAY, JANUARY 27.

ON the 16th day of December, 1868, the appellant filed his petition in the circuit court of Lucas county, stating that on the 7th day of November, 1868, he purchased of one G. B. Brooks twelve head of steers, that said steers at the time were being fed by one Turner, in Le Grange, in said county, on a contract to feed until February 1, 1869, and that he was in possession of the cattle for the purpose of feeding; that by virtue of his purchase from Brooks, plaintiff became the absolute owner of the cattle; that on or about the 8th day of December, 1868, while plaintiff was the owner of the cattle, the defendant, without the knowledge or consent of plaintiff, wrongfully took the said

cattle from the possession of said Turner, and took them to Chicago where he sold them and converted the proceeds to his own use, wherefore he demands judgment for $814, interest and costs.

The answer originally contained a specific denial of each allegation in the petition.

The venue was changed to Appanoose county, and at the August term, 1869, of the circuit court of that county, the defendant filed an amended answer, setting up an affirmative defense, in substance as follows : That about the 4th of July, 1868, defendant and said Brooks formed a partnership for the purpose of buying and selling stock, whereby Brooks was to furnish all the money necessary to carry on the business.

In pursuance of their partnership, the firm of Brooks & Scott purchased several car loads of stock, that were shipped by B., and sold.

That the twelve head of steers in controversy were purchased by and belonged to the firm.

That on or about the 4th day of November, 1868, the partnership was dissolved by mutual consent; that the firm then had on hand the said twelve head of steers, worth about $400, and about thirty-four head of hogs, worth about $357, which was all the property that belonged to the firm.

That the firm was then indebted for stock purchased and other debts in the sum of about $1,473.83.

The answer further charges that the plaintiff well knowing the above facts, and that a controversy had arisen between Brooks & Scott about the disposition to be made of the twelve head of steers, confederated with Brooks to cheat and defraud the firm of B. & S., and also the defendant, and to " divert said property and the proceeds thereof from the payment of the firm debts," that in pursuance of said fraudulent confederation the said Brooks made a sham sale of said property to the plaintiff as his own

individual property, when in fact the same belonged to the firm, all of which plaintiff well knew —, also that Brooks was at the time insolvent.

Defendant further states that at the time of the dissolution of said firm, said cattle were in the hands of one Turner under a contract with the firm, to feed until they were called for.

Defendant admits that on or about the day of December, 1868, he took possession of said cattle and shipped them to Chicago, and sold them in good faith to raise money to pay off the indebtedness of the firm, and that he used the money for that purpose afterward.

Defendant also alleges that plaintiff did not agree to pay B. any thing for said cattle, unless he and B. succeeded in diverting said property from the payment of the firm debts.

The cause was tried to a jury. Verdict and judgment for defendant, and plaintiff appeals.

*Perry & Townsend* for the appellant.

*Stuart Brothers* for the appellee.

MILLER, J. — I. Three errors are assigned, the first and second of which we will consider together. They are: 1. The court erred in admitting improper testimony; 2. That the court erred in excluding proper testimony offered by appellant.

There is no attempt to give all the evidence; not even its substance is given in the record. There are six separate bills of exceptions, each giving a small portion of evidence and the ruling of the court admitting or excluding certain testimony, but in no instance is there enough of the evidence given to enable us to determine whether the several rulings of the court were erroneous or otherwise.

Every presumption will be indulged in favor of the ruling of the court below, and a party alleging error must make it appear affirmatively in the record. The errors complained of we will not presume to exist. The appellant must show them affirmatively, and that they have actually prejudiced his case, neither of which appear from the meagre and unsatisfactory extracts of the evidence contained in the several bills of exceptions. *Fletcher* v. *Burroughs et ux.*, 10 Iowa, 557; *Coldren & Co.* v. *Cole et al.*, 19 id. 565; *Smith* v. *Melburn*, 17 id. 30; *Doniphan and Hughes* v. *Street*, id. 317; *Pelalmourges* v. *Clark*, 9 id. 1; *Woodward* v. *Horst*, 10 id. 120; *Dawson* v. *Wisner*, 11 id. 6; *Pierce Bros. and Flanders* v. *S. E. Locke & Co.*, id. 454, and other cases that might be cited.

II. The third error assigned is, the refusal of the court to give the instructions asked by appellant.

Some of these instructions contain correct statements of the law, and may have been applicable to the case as made *2. —— refusal of* by the evidence. But the appellant has failed *instructions; admission of* to show, by bill of exceptions or otherwise, *evidence.* that the court did not give in his charge, or other form, correct instructions upon the law applicable to the case. The charge of the court is not given in the record, and the appellee insists that all the instructions asked by plaintiff, that were correct, were substantially given in the charge of the court. Is the appellant, by failing to include the charge of the court in his abstract, from which we would be enabled to determine whether there was or was not error in the refusal of the court to give the instructions asked by him, entitled to a reversal, because some of the instructions asked and refused are correct statements of the law and applicable? We think not. This would be allowing a party to take advantage of his own wrong. It was held in *The State* v. *Johnson*, 19 Iowa, 230, that "the judgment of the court below will not be

reversed for the refusal of the court to give instructions, though unobjectionable, when the record does not contain all the instructions given to the jury." By section 3524 of the Revision, it is the duty of the appellant to bring up a perfect transcript, so as to show affirmatively the errors complained of, if they exist; and now, under rule 20 of this court, he is required to file printed "copies of an abstract or abridgment of the record, *setting forth so much thereof as is necessary to a full understanding of all the questions presented to this court for decision.*" This, the appellant has failed to do, in not embodying the instructions *given* by the court as well as those refused.

Affirmed.

BECK, Ch. J. — A rehearing upon the petition of plaintiff was granted in this case, and it was again argued orally and by printed arguments. Many points have been ingeniously made, and most zealously and ably pressed by plaintiff's counsel upon the rehearing. We have carefully considered them and feel satisfied that our conclusions heretofore announced are correct.

The prime difficulty with plaintiff's case upon this appeal is, that the record does not disclose the facts upon which most of his objections are based. This is the case with the points made upon the court's ruling on the evidence, as pointed out in our former opinion.

I. Before considering the case further, we will proceed to state the issues as presented by the pleadings. The petition alleges that plaintiff bought certain cattle of one Brooks, whereby he became the absolute and unqualified owner thereof; that afterward the defendant, without the knowledge or consent of plaintiff, "wrongfully, illegally and fraudulently" took the cattle and converted them to his own use. This is the gist of the petition. The allegations as to the person in whose possession the cattle were when taken by defendant; the purpose for which he held

possession; to what place and in what manner defendant transported them after he took possession, etc., etc., are all omitted. To this petition defendant set up the following defense: Defendant and Brooks were partners in buying and selling cattle, Brooks to furnish the money necessary to carry on the business. The cattle in controversy were purchased by and belonged to the firm. Three days before the alleged sale to plaintiff, the firm was dissolved by mutual consent. All the property then belonging to the firm, including the cattle, was of the value of $757. The firm was indebted in the sum of $1,473. The plaintiff knowing these facts, and that a controversy had arisen between Brooks and defendant about the disposition to be made of the cattle, confederated with Brooks to cheat and defraud the firm and defendant, and, in pursuance of such design, Brooks made a sham sale of the cattle to plaintiff, as his own individual property, when in fact it belonged to the firm, all of which was well known to plaintiff. It is also averred, in the answer, that plaintiff did not agree to pay Brooks for the cattle unless they should succeed in diverting the property from the payment of the firm debts. Defendant admits that he took and sold the cattle, and avers that he applied the proceeds to the payment of the firm debts.

II. Under the issues found by these pleadings, the case was tried. Upon the trial defendant was permitted to give in evidence certain declarations of Brooks in regard to furnishing money to defendant to pay firm debts, his failure to do so, and his declarations concerning the dissolution of the firm. Defendant was also permitted to show the amount of the firm debts, and that he had applied the proceeds of the sale of the cattle in dispute to the payment of the firm debts. Evidence was also introduced as to the acts of defendant and his agent in regard to certain hogs belonging to the firm, and sold by Brooks. All of this evidence was objected to by plaintiff, and its admis-

sion is now made the ground of an assignment of errors. It is utterly impossible for us to say that this evidence was not competent. We have not all the evidence in the case, and do not know that, as a *part* of the proof in the case, it was not relevant and proper. We certainly can conceive of a proper course of investigation which could have been had under the answer, setting up fraud and conspiracy on the part of plaintiff and Brooks in regard to the property in controversy, that would properly have covered the matter given in evidence, or at least these matters may, in some state of the case, have been proper evidence to establish fraud, especially if plaintiff were connected with them. The evidence may have been admissible under some aspects which the case may have assumed. We will presume a state of facts authorizing its admission.

III. The plaintiff requested the court to give certain instructions to the jury. They were all refused, and this ruling is assigned for error. The record is at fault in failing to contain sufficient of the evidence to enable us to pass upon the pertinency of all of these instructions. A part of the refused instructions were substantially given by the court upon its own motion. The first instruction is sufficiently covered by the thirteenth given by the court; the fourth asked by plaintiff is substantially embodied in the ninth by the court, or at least so much of it as is shown by the meager statement of the evidence to be based on the proof.

IV. The second and third instructions are based upon the theory that defendant claims a *lien* upon the cattle for a balance due him on account of the partnership matters. The record does not show that defendant was insisting upon a *lien* in his favor.

V. The fifth instruction is based upon the idea that, under the authority of defendant, Brooks was authorized 5. PARTNERSHIP: to sell his own interest in the cattle, and sale of partner's interest; lien. that, upon such a sale, plaintiff could

maintain this action to recover of defendant for the conversion of the property. The principle of law announced, if we understand the instructions, is, that one partner may sell his individual interest in specific partnership property and the purchaser may maintain an action against the other partner for the conversion of such property, in case it is disposed of by him.

This is not the law. A sale of the interest of one partner in that way would dissolve the firm, and the other would have the right to retain the partnership property for the purpose of settling the business of the firm free from the interference of the purchaser. *Reece* v. *Hoyt*, 4 Ind. 169. The fact that defendant agreed to permit Brooks to sell his interest does not imply that he agreed that the purchaser should acquire the right to take the property or to prosecute defendant at law for its value.

VI. The facts upon which the 6th, 7th, 8th, 9th and 11th instructions are based do not sufficiently appear by the record to have been before the jury. The first three of those assume that the evidence tended to establish a conditional sale by defendant to Brooks, to be completed upon a settlement between the parties. We do not find that proof of any such contract was given to the jury. The last of these instructions refers to admissions made by counsel in argument. The record discloses nothing of the kind.

VII. Plaintiff's tenth instruction is to the effect that the fact of the indebtedness of Brooks to defendant on account of the firm business, upon a settlement thereof, is immaterial. But such fact, under the answer charging fraud on the part of Brooks, and plaintiff's knowledge thereof, is relevant evidence and was properly before the jury.

VIII. Two instructions, given by the court to the jury and no other, are objected to by plaintiff's counsel. The first one is to the effect that a sale on condition that the title shall not pass until some act is done by the purchaser,

even though the possession has passed to the purchaser, does not, upon his failure to do the act, give him such a title as will enable him, or one claiming under him, to hold the property against the original vendor. The other instruction announced the rule that either of the parties has the right to hold the firm property for the payment of the partnership debts, ant the separate interest of each partner in the propeonly his share of what remains after the payment oe firm debts. These instructions are correct announcements of the law, and we will presume that they were applicable to the facts of the case as disclosed by the evidence.

IX. As we have before intimated the points made by appellant's counsel are not supported by the record, errors must be made to appear affirmatively, and presumptions are exercised in favor of the ruling of the court below. It becomes essential, in order to show error in the refusal to give instructions, or upon rulings admitting or excluding evidence, to show the pertinency of the instructions refused, or the relevancy of the evidence admitted or irrelevancy of that which is rejected. It is necessary in such case that sufficient of the evidence should appear in the record for these purposes. It is not necessary to give the substance or form of the evidence, but simply to state the facts which it tended to establish. This may be briefly done, and with little labor, and answer better the purposes of an appeal in all cases, except when the point is made that the verdict or judgment is not supported by the evidence. In the case before us, detached parts of the evidence are given in several bills of exceptions. The attempt, in each case, is to give the evidence and not what it tended to prove or what was claimed to be established thereby. Brief bills of exceptions, directly stating the facts which the evidence tended to establish, and the substance of the proof offered or admitted, in the cases where rulings upon evidence were excepted to, would have saved

counsel and this court a great amount of labor fruitlessly expended. We hope these suggestions may not be without the effect of stimulating efforts to correct the evils pointed out.

We adhere to the conclusions announced in our former opinion.

Affirmed.