## WILLIAM MURPHY, *Appellant, v.* M. A. CARTER, *Respondent.*

PLEADINGS IN AN ACTION FOR LIBEL.—In an action for Libel where the Defendant pleads first the general issue, then pleads specially matters in avoidance, the matters thus pleaded in avoidance, although impliedly admitting the declaration and inconsistent with the general issue, does not supercede the necessity of Plaintiff proving the allegations of his complaint.

The Defendant in such cases has the right at Common Law not only to plead, but on the trial to rely upon as many different defenses as he may choose to put upon the record.

In an action for Libel a plea of the general issue, and the pleas of justification, are not inconsistent.

APPEAL from the District Court of the Third Judicial District.

The facts are stated in the opinion of the Court.

*C. C. Wilson, C. J..* delivered the opinion of the Court.

.   The original complaint in this case was filed in the District Court of the Third Judicial District of this Territory, July 25th, 1867, to which the Defendant demurred.   The Court sustained the demurrer, and gave the Plaintiff leave to file amended complaint, which having been filed, the Defendant by his Counsel filed as answer thereto, three separate and distinct pleas as follows, to-wit:   First, not guilty; Second, justification; Third, that the Plaintiff has not been damaged in his character or reputation by said libel and slander.

To these pleas the Plaintiff replied separately.   Thereupon, the issues being joined, the cause came on to be heard and tried before Hon. John Titus, Judge, and a Jury empaneled for that purpose January 10th, 1868. The Respondent, then Plaintiff below, to maintain the issues on his part, opened the case to the Jury and read the pleadings in the case, viz: the complaint, answer, and replication, and thereupon rested, declining to introduce any testimony, claiming that the Defendant had admitted all the material allegations of the complaint by his said plea of justification.   The Defendant here moved the Court for a non suit, which motion was then and there overruled; the Court holding and ruling that the Defendant should first introduce his evidence in support of his plea of justification, also at the same time ruling that the said plea of justification, notwithstanding the same was pleaded in connection with the general issue, was an admission of the publication of the libel, and the utterance of the slander set forth in the complaint, and that the burden of proving the issues joined was on the Defendant.   To all of which rulings the Defendant then and there excepted.   The cause was then tried in conformity with the said rulings, and the Jury found a verdict for the Plaintiff below on all the issues so joined, and judgment was then and there entered by the Court on said verdict.   The Defendant below brings this case by appeal

to this Court, assigning several errors; but the view taken by this Court of the said rulings of the Court below, makes it unnecessary to discuss any of the other errors assigned.

The first question which seems to present itself to the Court for consideration, is, does the Defendant's plea of justification admit the publication of the libel and the utterance of the slander, and should it have been received as such evidence?

The proper adjudication of this question leads us to the examination of authorities, as the rule must be established either by some express statute, adjudication expressly on the point, or by a continued course of practice for a long period, showing a common consent and general understanding to that effect.

Authorities were examined by the Court apparently sustaining both sides of this proposition, and must therefore be determined by the weight of authority and what seems to the Court the more just and reasonable ground after a fair and full examination of the same.

The rule at Common Law confined the Defendant to a single plea, consisting of a single matter of defence; but as instances frequently occur in which there exists two or more distinct grounds of defence to one and the same demand, it is obvious that the Common Law rule must sometimes have operated unjustly against him, inasmuch as any misapprehension on his part or on that of his Counsel in regard to the law, or the facts of the case, or as to the eventual state of the proofs, might sometimes induce him to choose an unavailing defence in preference to another which would have been successful, and thus he may have been subjected to a recovery, then the right of the controversy both in law and in fact was on his side. These considerations no doubt occasioned the enactment of the statute of 4th Anne Chap. 16, which provides that it shall be lawful for any Defendant in any action or suit, with leave of the Court, to plead as many several matters thereto as he shall think necessary for his defence. Under this statute the De-

fendant may plead as many different pleas (each being
in itself single) as he may think proper.    When several
pleas in bar are pleaded in virtue of this statute to one
and the same thing, each of them is treated and operates
as if it were pleaded alone.    It being an established rule,
that one of them cannot, in the language of Chief Justice
Wells, "be taken in to help or destroy another," but that
every plea must stand or fall by itself; no one of them,
therefore, can have the effect of dispensing with the
proof of what is denied by another.

Hence, if the Defendant pleads first the general issue,
and then pleads specially matter in avoidance, which im-
pliedly confesses the declaration (as if he pleads first
*non est factum* and adds a special plea of usury, duress,
infancy, payment, &c., or pleads all these in successive
special pleas, or pleads not guilty, and then special
matter of justification or discharge) ; the matter of avoid-
ance thus pleaded, though inconsistent with the general
issue, does not supercede the necessity of the Plaintiff's
proving his declaration, for a contrary rule would defeat
the very object of the statute, which manifestly is to
enable the Defendant not only to plead, but on the trial
to rely upon as many different defences as he may
choose to put upon the record.

Gould, Pleadings 402, Sec. 25, and cases therein cited.

We find authorities which seem to settle a different
rule from the above.    In 15 Mass., in case of Jackson *v.*
Stetson, it is said by Justice Jackson, who delivered the
opinion of the Court, that "when the Defendant in an
action for slander pleads the general issue, and also in
justification that the words spoken were true, the Plain-
tiff need not prove the speaking of the words upon the
trial of the general issue."    And again the Court held in
1st Pickering, in case of Alderman *v.* French, page 1, to
the same doctrine, with this distinction:    In the case of
Jackson *v.* Stetson, 15 Mass., the Court laid down the
rule most strongly that any special plea, although pleaded
with the general issue, which confesses any fact hereto-
fore denied by the general issue, thus relieved the Plain-

tiff from proving such fact under the general issue; while the 1st Pickering, the opinion being delivered by the same Judge, is in these words: "It is important in the first place to ascertain precisely the point in question; and this is the more necessary as the opinion expressed on the former occasion seems to have been much misunderstood. It is not a question whether any special plea in confession and avoidance amounts to an admission of the point traversed by the general issue. Our practice as to pleading double, accords in general with that of our Common Law Courts in the United States and in England; and it could not be seriously believed that we intended in this summary manner to alter at once the whole practice in this particular. The question is confined to the case where the Defendant directly and explicitly declares and alleges a certain fact, and afterwards in the same cause calls on the Plaintiff to prove that fact. It applies not to pleas and averments, which are to common intent inconsistent, but such as are directly and in words contradictory to each other." These two cases seem to be the only authorities directly in point which hold to this rule, and after a careful examination of the same we must confess we have entirely failed to be convinced that either the reasoning or conclusions of the Court are correct, while on the other side we find authority and reason for a different conclusion. In case of Cilly *v.* Jenness, 2d N. H. R. 89, Justice Woodbury said when speaking of the rule in Jackson *v.* Stetson: "It was contrary to immemorial practice as well as authority." Again in 1st Devrux R. 280, Chief Justice Marshall said in regard to the same case: "I believe it stands alone, and that no similar decision has been made in any state of the Union." It was also said by Lord Tenderden, when discussing the same question, "that it would be contrary to all the practice in my experience, and I believe in the experience of every gentleman at the bar to hold that the statements in a special plea may be given in evidence under the general issue." Permit the Court here to say that we do not regard the Mass.

cases as entitled to the same consideration as we otherwise would but for this, that the Legislature of Mass. to avoid the effect of the case in 15 Mass., passed an act expressly authorizing such special pleas to be pleaded with the general issue; but notwithstanding this act the Courts do not regard it, but still adhere to their former opinion.

It is contended that under the statute of this Territory requiring pleadings to be under oath, these two different pleas could not be pleaded at the same time for the reason that one is repugnant to and inconsistent with the other, and therefore could not both be true. In this case the plea of not guilty is the plea of the general issue, and the Court can see no inconsistency in the plea of the general issue and the plea of justification, for if the Defendant succeeds in proving the justification, he most certainly is not guilty as complained of. In the opinion of the Court, if the Defendant desires to prove the truth of the words charged, it is not only necessary but eminently proper that he should plead both the general issue and justification as under the general issue he could prove many things that could not be proved under the plea of justification. For instance, he could under the general issue introduce evidence of general bad character of the Plaintiff (for if the justification should fail the quantum of damages would still remain). Also he could prove that the words were spoken on a justifiable occasion; that he was insane when the words were spoken; that the words were spoken in the heat of passion, or that he offered at the time and place an explanation of the words used, all in mitigation of damages.

4 Scam. 43. 2 Starkie Ev. 216 and 270, and cases there cited. 6 Blackf. 150 and 55. 2 Cowen 811. 4 Mich. 409. 10 Iowa 557. 5 Ind. 426. 3 Ind. 518. 8 Blackf. 462. 7 Ind. 440. 4 Iowa 453. 17 Ills. 71. 18 Md. 177.

Under the plea of the general issue he could not give in evidence the truth of the matter, or any part of it,

even in mitigation of damages, but must justify specially. 1 Chit. Pl. 494. 13 Johnson 475. 14 Ills. 459. 4 Sneed 520. 3 Ind. 115.

It therefore appears to the Court that the Defendant in such cases should not only be permitted to plead the general issue, but the plea of justification at one and the same time, without thereby endangering any of his rights, for although he might not fully justify under his plea, still the words might have been spoken under circumstances which if shown under the general issue would greatly mitigate the damages. We feel satisfied that this is the only correct rule, and it seems to have been adopted and adhered to ever since the statute of Anne by all Courts both in England and the United States, except in Mass., and where the rules of pleading have been regulated by some local statute. In the absence of such statute in this Territory the Court feels bound to adhere to the well established rules of pleading in the United States Courts. Therefore, in the case at bar, we must hold that the Court below erred in holding the plea of justification to admit the publication of the libel and the utterances of the slander complained of. In the light of the authorities and the reasons herein stated, the judgment of the Court below must be reversed and the cause remanded. But as the error for which the cause must be reversed seems to have been more the fault of the Court than of the parties, we feel it to be but justice that each party should pay his own costs in this Court.

The judgment is therefore reversed, each party paying his own costs in this Court, and remanded for a rehearing not inconsistent with this opinion.