## WHEELER *v.* ROBB.

The plaintiff, in slander, need not prove all the words laid in the declaration; but he must prove so much of them as is sufficient to support his action.
Evidence of equivalent words is not sufficient.
Proof of the words is not rendered unnecessary by a special plea of justification, if the general issue be also pleaded.

*Wednesday,*
*November 17.*     ERROR to the *Gibson* Circuit Court.—This was an action of slander by *Robb* against *Wheeler*. Pleas, 1st, the general issue; 2dly, a special plea of justification. Verdict and judgment for the plaintiff below.

BLACKFORD, J.—After the testimony was closed, the following instruction to the jury was asked of the Court, on the part of the defendant: "that the words laid in the declaration must be proved, and that equivalent expressions will not suffice;" which instruction the Court refused to give. In *Maitland* v. *Goldney*, 2 East, 426, Mr. Justice *Lawrence*, in speaking of the action of slander, observes, "I take the rule in actions of this

sort to be, that though the plaintiff need not prove *all* the words laid, yet he must prove so much of them as is sufficient to sustain his cause of action, and it is not enough for him to prove equivalent words of slander." This we believe to be the law, and therefore the Court erred in refusing the instruction required (1).

The Court was further called upon by the defendant to instruct the jury, "that notwithstanding the plea of justification, the slanderous words charged, or at least a part of them, must be proved, to entitle the plaintiff to recover." This instruction was also refused. The statute authorizes the defendant to plead as many pleas as he thinks proper, and they must be considered independent of each other. The different issues in this case are entirely unconnected, and the admission contained in the plea of justification cannot, in any way, affect the plea of not guilty. Notwithstanding the special plea, the plaintiff in the Court below was bound, upon the general issue, to prove his cause of action (2). This might have been done, not by the proof of equivalent expressions, but by proof of the words themselves as laid, or the substance of them. 1 Phill. Ev. 155. 2 ib. 97. The Court, therefore, committed an error in the refusal of this instruction.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Hall* and *Kidder*, for the plaintiff.

*Judah*, for the defendant.

(1) If some of the words laid be proved it will do, provided they are actionable, and their sense is not altered by the omitted words. Even where special damage is the gist of the action, it is sufficient to prove some of the words as alleged, and that the special damage resulted from them; unless all the words as laid constitute but one entire charge. 2 Stark. Ev. 845—848. Where the declaration contained these words, "Ware hawk, you must take care of yourself there, mind what you are about," and special damage was laid and proved; it was held that the action lay, though the words "you must take care of yourself there," were not proved. *Orpwood* v. *Barkes*, 4 Bing. 261.

Proof of words equivalent to those alleged in the declaration, but not the same, is insufficient. *Olmsted* v. *Miller*, 1 Wend. 506. So, that the defendant spoke those words, or words to the like effect. 2 Stark. Ev. 845. Proof of words spoken interrogatively, will not support an allegation of words spoken affirmatively. Ibid. 846. Words charged to have been spoken in the third person, are not supported by proof of words spoken in the second. Ibid. Words alleged as having been spoken in *English*, are not proved by evidence of the speaking of words of the same meaning in another language. Ibid. 847.

A declaration, charging the defendant with speaking words *to the effect fol-*

Nov. Term, *lowing,* &c., is bad even after verdict.  *Cook* v. *Cox,* 3 Maule & Selw. 110,
1824.    115.—Stark. on Sland. 266—280.  So, where the declaration states that the
                 defendant published a libel, containing false and scandalous matters concern-
WHEELER  ing the plaintiff *in substance as follows,* and then sets out the libel with innuen-
v.       does, the judgment will be arrested.  *Wright* v. *Clements,* 3 Barn. & Ald.
ROBB.    503.

(2) The plaintiff cannot use one plea of the defendant, as evidence of the fact which the defendant denies in another plea; nor a notice of set-off as evidence of the debt on non-assumpsit, the notice being in the nature of a plea; nor a particular of set-off, that being incorporated with the notice.  *Harington* v. *Macmorris,* 5 Taunt. 228.—2 Phill. Ev. 97, note a.—1 Stark. Ev. 295.—Contra, *Jackson* v. *Stetson,* 15 Mass. 48.