*Margin note:* May Term, 1838. — LINVILLE v. EARLYWINE.

---

## LINVILLE *v.* EARLYWINE, an Infant.

The general issue admits the character in which the plaintiff sues.

Words spoken in another state, actionable at common law, are actionable here.

If an instruction to the jury be refused, and the record do not show its applicability to the case, it must be presumed to have been irrelevant and correctly refused.

May Term, 1838.

LINVILLE
v.
EARLYWINE.

When the words complained of in slander derive their slanderous import from extrinsic facts, the declaration must aver those facts, and connect them by a *colloquium* with the words laid.

In slander, neither equivalent words, nor words which derive their identity of meaning with that of those laid in the declaration from extraneous matter not averred, are sufficient to support the action.

Monday,
May 28.

ERROR to the *Rush* Circuit Court.

DEWEY, J.—*Earlywine*, an infant, declared by his next friend against *Linville*, in slander. The declaration contains the usual *colloquium*, but no averment of extraneous facts. The words laid are:—"The sorrel horse is mine and *Offutt's*, and *Earlywine* stole him."—"*Earlywine* could be sent to the penitentiary for stealing."—"*Earlywine* could be sent to the penitentiary for stealing the sorrel horse."—"If he don't get that horse, I will send him to the penitentiary."—"He stole a horse."—"He could be sent to the penitentiary for stealing the sorrel horse."—"He stole the sorrel horse." Plea, the general issue. Verdict and judgment for the plaintiff.

Several points arose from instructions refused and given.

1. The Court refused, on motion of the defendant, to charge the jury, that if the plaintiff had not proved his infancy, he could not sustain the action. There was no error in this. The general issue admitted the character in which the plaintiff sued.

2. The Court refused to instruct the jury, that if the only slanderous words which the defendant had spoken of the plaintiff, were uttered in *Kentucky*, they must find for the defendant. This refusal was correct. Words, slanderous by the common law, spoken in another state, are actionable in this state. *Stout* v. *Wood*, 1 Blackf. 71.

3. The Court also refused to instruct the jury, that "if the only words proved to have been spoken by the defendant of the plaintiff were, 'he has taken the horse without leave or license, and if he don't get him, I will prosecute him for stealing,' the action could not be sustained." As the record does not show the evidence, we have no means of judging of the applicability of this instruction to the case. As the charge was refused, we must presume that it was irrelevant to the evidence, and correctly rejected.

4. On motion of the plaintiff the Court did instruct the jury,

that "a charge of taking a horse, if spoken under circum-
stances reasonably conveying the meaning of stealing, is in
substance a charge of stealing;" and, also, "a charge that
'Earlywine took the horse' is in substance the same as that
'Earlywine stole the horse,' if spoken in such manner as ex-
actly to convey the same meaning." It is a well established
principle in actions of slander, that when words are uttered
which derive their slanderous import from facts, circumstan-
ces, or manner, extrinsic from the words themselves, the de-
claration must contain an averment of such facts, circumstan-
ces, or manner, and connect them by the *colloquium* with the
words as they were spoken. This done, the proof must sus-
tain the averments, and show that the words laid in the de-
claration, or enough of them to convey the same meaning,
were spoken. Stark. on Sl. 272, 289.—Cro. Eliz. 834.—*Sweet-
apple* v. *Jesse*, 5 Barn. & Ad. 27.—*Ayre* v. *Craven*, 2 Ad. &
Ellis, 2. It is also settled as a consequence of this principle,
that equivalent words—that is, words different from those laid
in the declaration, but having the same sense, will not suffice
in proof. *Wheeler* v. *Robb*, 1 Blackf. 330. The self-evident
proposition contained in the two singular charges which were
given to the jury, (they both express but one idea,) cannot
be said to violate the first of these principles, because there
is no part of the declaration to which to apply it under that
rule; but had the declaration showed, that the defendant
charged the plaintiff with "taking a horse," or that "he took a
horse," without averring any explanatory circumstances, that
principle would have been infringed by the instructions. As
applied to the charge of stealing a horse, which is laid in the
declaration, the instructions, difficult as it is to give them any
legal signification at all, had a tendency to mislead the jury,
and to give them to understand, not only that equivalent
words, but words which derived their identity of meaning
with that of those laid in the declaration from extraneous
matters not averred, were sufficient to support the action.
In this view, these instructions are clearly erroneous.

Some other charges were given at the request of the plain-
tiff, which bear too strong a likeness to those already noticed
to need further comment.

*Per Curiam.*—The judgment is reversed and the verdict set

May Term, 1838.

aside, with costs to be paid by the *prochein amy*. Cause remanded, &c.

*C. H. Test* and *C. B. Smith*, for the plaintiff.

*D. Kilgore* and *J. S. Newman*, for the defendant.