May Term,
1849.

MURPHY
v.
STOUT.

*O. H. Smith*, for the plaintiffs.

---

MURPHY *v.* STOUT.

In an action for slander the plea of justification is inadmissible to prove the repetition of the charge in order to increase the damages.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—This was an action of slander brought by *Stout* against *Murphy*.

Pleas, 1. Not guilty; 2. In justification, that the words are true. Replication to the second plea, *de injuria*.

Verdict for the plaintiff; motion for a new trial overruled; and judgment on the verdict.

On the trial, the defendant gave evidence tending to prove the truth of the second plea. The Court instructed the jury as follows: That if they believed the plea of justification was pleaded in good faith, the filing of the same was no reason for aggravating the damages, though it might not be fully sustained by proof; that by the term good faith is not to be understood merely that the defendant believed the charge to be true, because he might so believe it on such light and insufficient grounds, and without such due examination, as would be unjustifiable; but if, having good reason for believing the charge to be true, he makes it under such belief, we think his so making it should not aggravate the damages, although he fails fully to make out its truth.

According to this instruction, the plea of justification, if not proved, may be considered in aggravation of damages, unless it appear that the defendant had good reason to believe the plea to be true.

The plea of justification consists of two parts; 1st, it admits the speaking of the words before the commencement of the action; 2dly, it repeats the charge. The instruction relates to the second part of the plea.

We have heretofore held that the plea of justification was not admissible as evidence for the plaintiff, under the general issue, to prove the speaking of the words. *Wheeler* v. *Robb*, 1 Blackf. 330. If the plea is not admissible for that purpose, it must be inadmissible, we should think, to prove a repetition of the charge in order to increase the damages, even if other evidence of the repetition to produce that effect were receivable. This statute authorizes the defendant to plead as many pleas as he thinks proper; and that he may have the full benefit of

May Term,
1849.

MURPHY
v.
STOUT.

*Monday,*
*June 4.*

May Term,
1849.

that privilege, what he says in one plea ought to have no operation against him on the trial of an issue on any of the other pleas. Each plea should stand entirely independent of the others; and an issue in fact on any one of the pleas should be tried, and the damages ascertained, in the same manner in which they would have been, had there been no other plea. We are aware that there are authorities the other way, but we believe the rule, as we have stated it, to be correct.

The instruction in question, must, therefore, be considered erroneous.

*Per Curiam.*—The judgment is reversed, and the verdict set aside. Cause remanded for another trial. Costs here.

*J. A. Matson*, for the plaintiff.