WESTON *v.* LUMLEY.

BILL OF EXCEPTIONS.—*Motion to Strike Out.*—Where a motion to strike out a paragraph of a pleading is overruled, the Supreme Court will not examine as to the correctness of the ruling, if an exception thereto be not saved by a bill of exceptions.

SLANDER.—*Pleading.*—*Code.*—Under our code, a defendant in an action for libel or slander may, in one paragraph of his answer, deny the allegations of the complaint, and in another paragraph plead in confession and avoidance.

EVIDENCE.—*Record.*—*Certificate.*—A transcript of certain proceedings before a board of county commissioners was offered in evidence, the certificate of the auditor attached to which did not state that it was a full, true, and complete transcript of the record, but stated merely that it was "*truly copied* from the records," &c.

*Held*, that the certificate was defective, and that the transcript was not admissible in evidence.

SAME.—*Slander.*—On the trial of an action for slander by A. against B., the complaint charging the defendant with having imputed perjury to the plaintiff by saying that in an affidavit made by the plaintiff, attached to and verifying a petition to the board of county commissioners to cause a certain road, alleged in said petition to have been in use twenty years, but not recorded, to be entered of record as a public highway, as provided by statute, Acts 1867, p. 133, the plaintiff had sworn to a lie;

*Held*, that said petition, it having been proved to be the original, and the affidavit attached thereto having been proved to have been made by the plaintiff, was admissible in evidence over the defendant's objection.

Weston *v.* Lumley.

Same.—*Perjury.*—*Jurisdiction.*—*County Commissioners.*—Said petition to the board of commissioners did not allege that said road had been used *as a public highway* for twenty years. On the trial before the commissioners, A. testified as a witness, having been duly sworn by the county auditor. The commissioners found that the road had been used as a public highway for twenty years, and ordered it to be entered of record as a public highway as described in the petition.

*Held,* that notwithstanding the petition was defective and the proceeding irregular, yet the board of commissioners, though a court of inferior and limited jurisdiction, had, under said act of 1867 and the matters stated in the petition, such jurisdiction of the subject-matter as to make it legal perjury for A., as such witness, to testify falsely, knowingly, and corruptly.

*Held,* also, that on the trial of an action for slander by A. against B. for having imputed perjury to the plaintiff by saying that A., in his oral testimony on said trial before the commissioners, had sworn to a lie, the record of the proceedings in the commissioners' court was admissible in evidence over the objection of the defendant.

APPEAL from the Washington Circuit Court.

BUSKIRK, J.—This was an action commenced in the court below by the appellant, to recover damages of the appellee for slanderous words alleged to have been spoken by him of and concerning the appellant. There were issues of fact formed; trial by jury; verdict for the defendant; motion for a new trial made and overruled; and the plaintiff appeals. The complaint originally contained five paragraphs. The appellant dismissed the fourth and fifth paragraphs. The first paragraph of the complaint alleges, in substance, that there was pending at the September term, 1867, of the board of commissioners of Washington county a proceeding to ascertain, describe, and enter of record a certain highway in said county, which, it was alleged, had been used as a public highway for twenty years; that upon the trial of the said proceeding, the appellant had been sworn, and testified as a witness; and that afterwards the appellee, in speaking of and concerning the said trial, and of the evidence given by the appellant, spoke the words charged, and thereby charged him with having committed wilful and corrupt perjury.

The second paragraph of the complaint contains the same allegations as the first, except it alleges that appellant

made an affidavit as to the truth of the matters contained in the petition which was filed in said proceeding, and the perjury imputed to the appellant was said to have been committed in the making of the said affidavit.

The third paragraph is, in substance, the same as the first.

The appellee filed an answer in three paragraphs. The first is a denial. The second admits the speaking of the words, and justifies upon the ground that the words spoken were true. The third paragraph admits the speaking of the words charged, but says that when the appellant made the statements under oath, he did not know them to be true, and had no reason to believe, and did not believe, that they were true; and that the defendant, upon a justifiable occasion, and without malice, spoke the words charged in the complaint.

The appellant filed a motion to strike out the second and third paragraphs of the answer. This motion was overruled, and excepted to; and this is the first error assigned. The clerk, in making out the transcript, has inserted the motion, the ruling of the court, and the exception thereto; but the correctness of the ruling of the court on this motion was not reserved by a bill of exceptions, and, for that reason, cannot be considered in this court. *Matlock* v. *Todd*, 19 Ind. 130; *Swinney* v. *Nave*, 22 Ind. 178; *Merritt* v. *Cobb*, 17 Ind. 314; *Hasselback* v. *Sinton*, 17 Ind. 545.

The appellant demurred separately to the second and third paragraphs of the answer. The court sustained the demurrer to the third, and overruled it as to the second. The appellant excepted to the ruling of the court in overruling the demurrer to the second paragraph of the answer. There was no exception taken as to the ruling of the court in sustaining the demurrer to the third paragraph of the answer.

The second error assigned is as to the ruling of the court in overruling the demurrer to the second paragraph of the answer. It is insisted by the appellant that, under our

code of practice, a defendant in an action for slander cannot in one paragraph of his answer deny the speaking of the words, and in another paragraph admit the speaking and justify them upon the ground that they were true. It is claimed, that these answers are inconsistent with, and repugnant to, each other, and therefore bad. This is not the law, nor has it ever been the law in this State. In the case of *Wheeler* v. *Robb*, 1 Blackf. 330, which was an action for slander, this court say: "The statute authorizes the defendant to plead as many pleas as he thinks proper, and they must be considered independent of each other. The different issues in this case are entirely unconnected, and the admission contained in the plea of justification cannot, in any way, affect the plea of not guilty. Notwithstanding the special plea, the plaintiff in the court below was bound, upon the general issue, to prove his cause of action."

In the case of *Ricket* v. *Stanley*, 6 Blackf. 169, which was also an action for slander, this court say: "The third instruction is right. The plaintiff was obliged to prove his cause of action under the general issue, in the same manner as if no other plea had been filed. This point is so decided by this court in *Wheeler* v. *Robb*, 1 Blackf. 330, and in *Arnold* v. *Sturges*, November term, 1839."

The third clause of section 56, 2 G. & H. 88, provides:

"The defendant may set forth in his answer *as many grounds of defense*, counter-claim, and set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered, and clearly refer to the cause of action intended to be answered."

Sections 86 and 87, 2 G. & H. 110, provide:

"Sec. 86. In an action for libel or slander, it shall be sufficient to state generally that the defamatory matter was published or spoken of the plaintiff; and if the allegation be denied, the plaintiff must prove, on the trial, the facts showing that the defamatory matter was published or spoken of him."

"Sec. 87. In all actions mentioned in the last section, the

defendant may allege the truth of the matter charged as defamatory, and mitigating circumstances to reduce the damages, and give either or both in evidence."

These sections of our code clearly give to the defendant in an action for libel or slander the right in one paragraph to deny the allegations of the complaint, and in another to plead in confession and avoidance. But if the law were otherwise, the question could not be raised by demurrer. It can only be presented by a motion to strike out, or to require the party to elect upon which paragraph he will go to trial; and the ruling of the court and the exception of the party can only be made a part of the record by a bill of exceptions.

The appellant offered in evidence a certified copy of the proceedings had in the commissioners' court. This was objected to by the appellee, on the ground that it was not properly certified. The objection was sustained, and the evidence excluded; to which ruling of the court the appellant excepted, and assigns this as the next error of which he complains. The transcript is in the record by a bill of exceptions. The certificate is in these words:

"State of Indiana, }
Washington county, } ss.

"I, the undersigned, auditor of Washington county, do hereby certify that the foregoing is truly copied from the records of the board of commissioners of said county, at their September session, A. D. 1867, to wit, September 2d, A. D. 1867. In testimony whereof," &c. The residue of the certificate is properly signed and authenticated.

The certificate of the auditor was defective. It was not sufficient for him to certify that it was truly copied from the records. He should have certified that it was a "full, true, and complete transcript of the record." *Smith* v. *Jeffries*, 25 Ind. 376; *Tull* v. *David*, 27 Ind. 377. The ruling of the court below on this point was correct.

The appellant also offered in evidence the original peti-

tion that was filed in the commissioners' court. The appellee objected, and the objection was sustained, and the evidence excluded; and the appellant excepted, and assigns this as the next error. The second paragraph of the complaint alleges that the appellee had charged that the appellant in swearing to the truth of the matters contained in the petition, had "sworn to a God damned lie," &c. These words are not *per se* actionable, but are rendered so by proving that the appellant had made the affidavit in question. In this case, the appellant had proved that the paper he offered in evidence was the original petition, and that he had made the affidavit thereunto attached. Before the appellant could make out his case, he was bound to prove the existence of the petition and affidavit as charged in the complaint; and having done that, he had the right to read to the jury the petition and affidavit. We think that the court erred in excluding this evidence.

The appellant also offered in evidence the original record of the proceedings in the commissioners' court. This record contained the petition, affidavit, and orders of the court made in reference thereto. The words charged in the first and third paragraphs of the complaint were not *per se* actionable. In the case of *Cummins* v. *Butler*, 3 Blackf. 190, this court say:

"As respects the second point, it may be remarked that when words are not actionable *per se*, but are rendered so by reference to some extrinsic matter, it is necessary not only to state that such matter existed, but that the words were spoken of and concerning it; and that in a charge importing perjury, four distinct allegations are necessary in a declaration,—1, the fact of an oath being taken in a competent court; 2, a *colloquium* by the defendant of and concerning such oath; 3, the words themselves; and 4, the *innuendo*, that the defendant meant by those words to impute perjury to the plaintiff. The words 'he has sworn false,' 'he has sworn to a lie,' are not *per se* actionable, and to become so, they must be connected with a judicial proceed-

ing." Before the appellant could recover, he had to prove the above allegations. The record itself was the best evidence. But it is urged by the appellee that the record of the board of commissioners was not admissible, for the reason that the court had not acquired jurisdiction of the subject-matter. The act of 1867, amending the 45th section of the act of 1852, is in these words:

"Sec. 45. All public highways which have been or may hereafter be used as such for twenty years or more, shall be deemed public highways, and the board of county commissioners shall have power to cause such of the roads used as highways as shall have been laid out but not sufficiently described, and such as have been used for twenty years but not recorded, to be ascertained, described, and entered of record." See Acts of 1867, p. 133.

The petition filed in the commissioners' court was in these words:

"To the Honorable, the Board of Commissioners of Washington county: The undersigned citizens of Monroe township would respectfully represent to your honorable body, that they wish to have a road, situated in Monroe township, and having been used for twenty years, entered of record. Said road is described as follows." The petition then properly describes the road which is sought to be entered of record, and is signed by William Weston. Weston made an affidavit as to the truth of the matters therein contained. The board of commissioners proceeded to hear and determine the matter, and found that the road described in the petition had been used as a public highway for twenty years, and ordered that it be entered of record as a public highway, as described in the petition. Weston, the appellant, testified as a witness, having been duly sworn by the auditor, who had full power and authority to administer the oath. The perjury imputed to the appellant was assigned upon the affidavit attached to the petition, and his oral testimony as a witness on the trial of the proceedings based on the said petition, and under the act of 1867 above quoted.

Weston *v.* Lumley.

The attorneys of the appellee have insisted, with great earnestness, that the act of 1867 only conferred upon the board of commissioners the power to ascertain, describe, and enter of record roads in two cases. The first is, where the road which had been used as a public highway had been laid out, but not sufficiently described. The second is, where the road had not been laid out, but had been used as a public highway for twenty years, but had not been recorded. It is urged that the petition did not bring it within either of these classes, for the reason that it is not alleged that the road had been used as a public highway for twenty years; that the commissioners' court being one of inferior and limited jurisdiction, all the facts necessary to confer jurisdiction, should affirmatively appear upon the record; that the court having acted in the premises without having acquired jurisdiction, its proceedings were *coram non judice* and void; and that, consequently, the appellant could not have committed legal perjury, although he may have sworn falsely and committed moral perjury. The appellant insists that if the court possessed jurisdiction over the subject-matter, it possessed the power to hear and determine the matter, although the petition did not state facts enough to entitle the petitioners to the relief prayed for; that the court had acquired such jurisdiction as authorized it to hear proof; and that witnesses thus sworn and examined might commit legal perjury. The question is not free from doubt and difficulty. We have given it very careful attention and mature consideration. If the proceedings had taken place in a court of general jurisdiction, there would be no question as to its jurisdiction; but they were had in a court of inferior and limited jurisdiction. The proceedings were *ex parte* and, to some extent, in the nature of a proceeding *in rem*. If the proceeding to ascerain, describe, and enter of record the road in question were pending in this court on appeal, we would not hesitate to hold that the petition was defective and the proceeding irregular; but the real question which we have to decide is this,

whether the court had acquired, by virtue of the power conferred by the act of 1867 and the matters stated in the petition, such jurisdiction of the subject-matter as would make it legal perjury for a witness to swear falsely, knowingly, and corruptly.

This makes is necessary for us to determine whether the acts of the board of commissioners in the premises were within the scope of their authority, or otherwise. This court, in the case of *Snelson* v. *The State*, 16 Ind. 29, in speaking of the power of commissioners to make allowances against the county, say:

"Under these statutory provisions, it is clear enough that the allowances made to Snelson by the board were within the general scope of the authority conferred upon them. The board were, in terms, authorized to allow all accounts chargeable against the county. But it is argued that as the claim was not chargeable against the county, the allowance was not within the authority conferred. But whose province and duty was it to judge whether the accounts were chargeable against the county? Clearly, that of the board. If they decided that question wrongly, they committed an error of judgment, but did not usurp unconferred jurisdiction. If the account was properly chargeable against the county, it is clear that the action of the board would be conclusive, unless appealed from. Now the argument, that if the account were not chargeable against the county, the action of the board is a nullity for want of jurisdiction, proves too much. It proves that when the board decides correctly upon the liability of the county, the decision is conclusive; but when it errs in that respect, its decision is a nullity, and not merely erroneous; that the board had jurisdiction to decide right, but no jurisdiction to decide wrong. We suppose that where the board have jurisdiction to decide at all, the decision, whether right or wrong, cannot be regarded as void, but is binding unless appealed from or avoided in some legitimate mode."

Let us apply the principles of the above case to the one

under consideration. The commissioners' court possesses exclusive original jurisdiction over highways. The act of 1867 confers upon these tribunals the sole and exclusive power of ascertaining, describing, and entering of record highways, where they have been laid out but not properly described, and where they have been used as such for twenty years and have not been recorded. Their power over this subject is full, complete, and plenary. They have to exercise legal and judicial discretion. They possess the power to decide as to the sufficiency of the petition and the evidence. The Supreme Court of the United States, in the case of *The State of Rhode Island* v. *The State of Massachusetts*, 12 Pet. 657, say: "Any movement by a court is necessarily the exercise of jurisdiction; so, to exercise any judicial power over the subject-matter and the parties, the question is, whether, on the case before a court, their action is judicial or extra-judicial, with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action, by hearing and determining it."

The same court, in *The United States* v. *Arredondo*, 6 Pet. 691, say: "The power to hear and determine a cause is jurisdiction; it is '*coram judice*,' whenever a case is presented which brings this power into action." See *Ex Parte Watkins*, 3 Pet. 193; *Grignon's Lessee* v. *Astor*, 2 How. 319.

The case of *The State* v. *Hall*, 7 Blackf. 25, is in point, as it was an indictment for perjury, and the main defense was that the court in which the perjury was alleged to have been committed did not have jurisdiction of the case in which the defendant was sworn and examined as a witness. The court say: "The second reason given in support of the judgment of the circuit court is, that the cause in which the alleged perjury was committed was tried by a jury of six men; that a jury composed of six men, in such

Weston *v.* Lumley.

a case, was wholly unauthorized by the law; and that the proceedings were, therefore, illegal and void. By the common law, false swearing, to amount to perjury, must be in a judicial proceeding, and in a court or before an officer having competent authority to administer an oath. Our statute is more comprehensive, and a false oath or statement of any nature, or for any purpose whatever, wilfully and corruptly taken before an officer authorized to administer oaths, is, by it, declared to be perjury. Where the false swearing was in the course of a judicial proceeding, we do not think it is essential to the commission of the offense of perjury, that all the proceedings on the trial should be strictly regular. It is essential, however, that the court have jurisdiction of the subject-matter, and power to administer an oath to the witness. If the proceedings were not so far irregular as to be a mistrial, the false swearing would amount to perjury."

The case of *Henry* v. *Hamilton*, 7 Blackf. 506, is directly in point, and is decisive of the question under consideration. This was an action for slander. The words charged imputed to the plaintiff perjury. The alleged perjury was said to have been committed in a trial of a state case before a justice of the peace. The plaintiff offered in evidence a transcript of the trial before the justice, and it was objected to on the ground that the justice did not have jurisdiction of the offense. DEWEY, J., in speaking for the court, says:

"The plaintiff in error contends, that the court erred in admitting in evidence the transcript of the record of the trial before the justice of the peace, on the ground that the transcript shows, as he alleges, that the justice had no jurisdiction of the cause which he tried, and, consequently, that perjury could not be committed in giving evidence on that trial. In support of this position, it is urged, in the first place, that the affidavit does not charge an offense cognizable by the justice, because it does not show for what purpose the assembly of the people, therein mentioned, assembled. If it be admitted that the affidavit is too

vague to require, or even to authorize, the justice to act upon it,—a question which we do not decide,—it does not follow, that after he did act upon it, and after the accused person appeared and answered to the charge without objection, the proceedings were *coram non judice* and void. The affidavit contains a charge, in general terms, that the accused person disturbed an assembly of people convened for a lawful purpose. This is an offense known to our law; and if those persons who were so charged chose to submit themselves to a trial, without objection to the validity of the complaint, the justice could rightfully hear evidence and examine the matter. The witnesses sworn by him were amenable to the law if they swore falsely; and it is proper that they should be protected from a charge of perjury if they testified truly."

We are clearly of the opinion that the court erred in excluding from the jury the record of the proceedings in the commissioners' court. For this error the court should have granted a new trial.

Judgment reversed, with costs, and the cause remanded, with directions to the court below to grant a new trial, and, for further proceedings in accordance with this opinion.

*H. Heffren* and *S. D. Hendricks*, for appellant.

*J. H. Stotsenburg* and *T. M. Brown*, for appellee.