45    31
131    349

## TUCKER *v.* CALL.

PRACTICE.—*New Trial.*—*Demurrer.*—Error of the court in ruling upon a demurrer is not a reason for a new trial.

SAME.—*Evidence.*—The assignments as reasons for a new trial, that the court permitted the introduction of irrelevant, immaterial, and incompetent testimony over the objection of the party moving for a new trial, and that the court refused to allow the introduction of material, relevant, and competent testimony offered by said party, are too general to raise any question.

SLANDER.—*Justification.*—*Evidence.*—In an action of slander for an alleged charge of a crime against plaintiff, an answer of justification on the ground that the charge was true can be sustained only by proof of its truth beyond a reasonable doubt, by such evidence as would justify a conviction on an indictment for the offence.

SAME.—In an action of slander the plaintiff must prove the speaking of enough of the words alleged in the complaint to constitute the slanderous charge complained of, and not other or equivalent words.

SAME.—*Practice.*—*Instructions.*—It is not error in the court, in an action of slander, as preliminary to instructions relative to the evidence necessary to sustain the issues, to instruct the jury, where such is the fact, that the defendant, in addition to denying, admits that he spoke the words and alleges that they were true.

SAME.—An instruction, that " evidence, introduced under an answer of justification charging plaintiff with having committed a crime, tending to prove plaintiff's guilt but not establishing his guilt beyond a reasonable doubt, cannot constitute a complete defence and bar to the action" (of slander), " but may be considered in mitigation of damages," does not assume that the evidence does not sustain the answer and cannot be complained of by defendant.

INSTRUCTION TO JURY.—It is not error in the court, after having fully instructed the jury, to refuse to give the instruction in another form.

SAME.—The court cannot be required to give an instruction concerning the effect of proof of a defence, where there is no evidence given to which the instruction could apply.

From the Putnam Circuit Court.

S. Claypool, C. C. Matson, and L. P. Chapin, for appellant.

D. E. Williamson and A. Daggy, for appellee.

OSBORN, J.—This was an action of slander brought by the appellee against the appellant. The complaint contains five paragraphs, alleging that the appellant had falsely and maliciously charged the appellee with the crime of larceny in stealing the defendant's corn, flour, lard, and molasses. Separate demurrers were filed and overruled to each of the paragraphs, to which exceptions were taken. An answer was then filed of many paragraphs, consisting of the general denial, justification, alleging that the charges of larceny were true, and matters by way of mitigation of damages. Issues of fact were formed upon the affirmative allegations in the answer, which were tried by a jury who found a verdict for the plaintiff for six hundred and twenty-five dollars. The appellant moved the court for a new trial, assigning reasons therefor. 1. That the court erred in overruling his demurrers to the complaint. 2. That the court erred in permitting the plaintiff to introduce irrelevant, immaterial, and incompetent testimony over the objection of the defendant. 3. That the court erred in refusing to allow the defendant to introduce certain material, relevant, and competent testimony offered at a proper time by defendant. 4. That the court erred in refusing to give certain instructions to the jury, stating them, asked by the defendant. 5. That the court erred in giving each of the instructions given of its own motion. 6. The verdict is contrary to law and the evidence and is not sustained by sufficient evidence. 7. The damages assessed by the jury are excessive. The motion was overruled, to which the defendant excepted, and final judgment was rendered on the verdict and for costs.

The errors assigned are: 1. In overruling the demurrer

Tucker *v.* Call.

to the complaint. 2. In overruling the motion for a new trial.

The first error is abandoned in the argument; consequently we have not examined the complaint to see whether it is good or not.

The first reason for a new trial is no ground for such a motion. The second and third are too general to raise any question. The decisions of this court are so numerous and uniform upon the point that it cannot be considered necessary to cite them. What testimony was received or rejected, or who were the witnesses testifying, is not stated.

The instructions given and refused are properly specified in the reasons for a new trial. Each of the several instructions given was excepted to at the proper time and incorporated in the reasons for a new trial. They are not all questioned here, however. So exceptions were taken to the refusal to give each of the instructions asked by the appellant. They were handed to the judge before he instructed the jury, and the substance of most of them was given in the general charge.

The question principally relied upon for a reversal of the judgment arises upon an instruction to the jury that, to sustain the plea of justification, the evidence must be sufficient to prove the charge of larceny beyond a reasonable doubt, and a refusal to charge that the plea could be sustained by a preponderance of evidence.

It is admitted that the instruction and rulings of the circuit court were supported by the decisions of this court, but it is insisted that the better reason and the weight of authority are the other way. We are asked to reconsider the decisions and overrule them. An elaborate and able brief has been filed in which those decisions are assailed with a good deal of force.

The rulings of this court have been uniform in holding, that in an action of slander for an alleged charge of a. crime against the plaintiff, a plea justifying the speaking of

the words, on the ground that the charge was true, can be sustained only by proof of its truth beyond a reasonable doubt, by such evidence as would justify a conviction on an indictment for the offence. *Lanter* v. *M'Ewen*, 8 Blackf. 495 ; *Wonderly* v. *Nokes*, 8 Blackf. 589 ; *Landis* v. *Shanklin*, 1 Ind. 92 ; *Gants* v. *Vinard*, 1 Ind. 476 ; *Shoulty* v. *Miller*, 1 Ind. 544 ; *Swails* v. *Butcher*, 2 Ind. 84 ; *Tull* v. *David*, 27 Ind. 377. We consider the question as settled, and are not willing to disturb or change it.

We will notice such of the other instructions as are questioned in the brief of appellant.

The first was, that if the jury found from the evidence that the defendant spoke of and concerning the plaintiff and of and concerning his character, substantially, any one or more of the sets of words as alleged in the complaint, imputing and charging the crime of larceny against the plaintiff, it was sufficient to sustain the issue as to the speaking of that set of words, and on that issue they should find for the plaintiff.

We are referred to *Wheeler* v. *Robb*, 1 Blackf. 330, *Moore* v. *Bond*, 4 Blackf. 458, and *Linville* v. *Earlywine*, 4 Blackf. 469, to show that the instruction was erroneous.

In the case of *Wheeler* v. *Robb*, the court was asked to instruct the jury "that the words laid in the declaration must be proved, and that equivalent expressions will not suffice." The request was refused. This court held that the instruction should have been given ; that it was not enough for him to prove equivalent words of slander. He was bound upon the general issue to prove his cause of action. "This might have been done, not by the proof of equivalent expressions, but by proof of the words themselves as laid, or the substance of them." *Moore* v. *Bond* merely followed the ruling in *Wheeler* v. *Robb*, without comment.

In *Linville* v. *Earlywine*, the court charged the jury that "a charge of taking a horse, if spoken under circumstances reasonably conveying the meaning of stealing," and also, that "a charge that 'Earlywine took the horse,' is in substance

Tucker *v.* Call.

the same as that 'Earlywine stole the horse,' if spoken in such manner as exactly to convey the same meaning." That charge was held to be erroneous. With reference to words deriving the slanderous import from extrinsic circumstances, it was said such circumstances must be stated in the declaration and connected by a *colloquium* with the words as spoken. "This done, the proof must sustain the averments, and show that the words laid in the declaration, or enough of them to convey the same meaning, were spoken;" and on page 471, the court say: "It is also settled as a consequence of this principle, that equivalent words, that is, words different from those laid in the declaration, but having the same sense, will not suffice in proof;" and *Wheeler* v. *Robb* is referred to.

Taking the case of *Wheeler* v. *Robb* as the leading one in this State, and recognizing the rule there laid down as the true one, it is material to ascertain what it is. We understand it to be that it is not sufficient to prove the speaking of words different from those laid in the complaint, but having the same sense or meaning; the words themselves, or enough of them to substantially make out the charge included in the set of words, must be proven, and so we understand the charge in the case at bar. If the jury found from the evidence "that the defendant spoke * * * substantially any one or more of the sets of words," not that he used other words, as in *Linville* v. *Earlywine, supra,* or words having the same meaning, but "substantially any one or more of the sets of words as alleged in the complaint," it would be sufficient to sustain the issue as to the speaking of that set of words. The court, in *Wheeler* v. *Robb,* recognized the distinction between proof of equivalent words and the substance of the words alleged in the declaration. Under the charge the jury, we think, would understand that it was necessary for the plaintiff to prove that the defendant spoke enough of the words, as alleged in the complaint, to make out a charge of larceny against the plaintiff, without proving the speaking of all of them.

In *Creelman* v. *Marks*, 7 Blackf. 281, it was held that all the words need not be proved, but so many of them as will support the action must be.

In *Iseley* v. *Lovejoy*, 8 Blackf. 462, it was held that it was only necessary to prove the speaking of enough of the words charged in such set of words as are necessary to constitute the slanderous accusation.

The court also charged the jury that "slanderous words are presumed to be false until their truth has been proven. The defendant, in addition to denying he spoke the words, admits that he spoke the words, and alleges they are true."

The appellant objects to the last sentence of that charge, on the ground that it was calculated to wrongly impress the jury by creating in their minds that as a matter of fact the speaking of the words was admitted. It will be observed that the jury are told in that sentence, that in addition to denying the speaking of the words, the defendant also admitted it. That instruction was followed by one relative to the evidence necessary to sustain an answer of justification, and was really preliminary or introductory to it. We see no objection to it.

The court also instructed the jury that "evidence introduced under a plea of justification charging the plaintiff with having committed a crime, tending to prove his guilt, but not establishing his guilt beyond a reasonable doubt, cannot constitute a complete defence and bar to the action, but may be considered in mitigation of damages."

The objection urged to this instruction is, that it assumed that the evidence is not sufficient to sustain the plea. We do not so understand it. The court had already instructed the jury on that question, and the instruction now under consideration was to inform them that if they found the evidence insufficient to establish the plea of justification, still if it tended to prove it, they should consider the facts in mitigation of damages. It was in favor of the appellant and not against him.

The appellant complains that the court refused to give the

following instruction asked by him: "That to sustain a plea of justification, it it is not necessary to prove the stealing of all the corn charged, but it would be sufficient to prove any amount of any value." The court had already instructed the jury, that if they found from the evidence that the plaintiff was guilty of any one, or any part of any one, of the specifications of larceny named in the defendant's answer, that was a sufficient defence to the action without proving all of them. That covered all that was asked by the appellant and more, and it was not error in the court to refuse to repeat it.

And he also complains that the court refused to give the following instruction: "That if the plaintiff was guilty of the other larceny charged in the answer and pleaded in mitigation, the jury should consider it in mitigation of damages."

There is no reason urged why this charge should have been given, except that no instruction had been given covering that point, and that by the refusal, the appellant was deprived of that plea in mitigation.

The answer in mitigation alleged that the appellant was guilty of larceny in stealing corn, the property of a third person. The evidence offered in support of that paragraph was entirely insufficient to support it. If the jury had found that it was proved, the court would have granted a new trial. Indeed, it can hardly be said that there was any evidence tending to prove it. Perhaps, if the court had given the instruction, it might not have been erroneous; but surely there was no evidence before the jury entitling the appellant to require the court to give it.

We have carefully read all the evidence in the case and think it fully sustains the verdict of the jury, and the damages assessed are not excessive.

We have considered all the questions presented by counsel for the appellant in their very able brief, and find no error in the proceedings of the court below.

The judgment of the said Putnam Circuit Court is affirmed, with costs and four per cent. damages.

*Petition for a rehearing overruled.*