## DURRAH v. STILLWELL.

SLANDER.—*Pleading.*—In an action for slander, where the complaint alleges,. that the defendant had reported that the plaintiff had been guilty of the larceny of certain goods, it is not necessary to aver, that a larceny had been committed; it is immaterial whether the alleged larceny had or had not been committed.

SAME.—*Instructions as to Substance of Words Spoken.*—An instruction to the jury, in such case, that proof that the party spoke the words, *in substance,* as alleged in the complaint, would be sufficient, is correct. Such an instruction does not mean either other words with the same meaning, or equivalent words, but the substance of the same words alleged in the complaint.

SAME.—*Sufficiency of Evidence to Sustain Verdict.*—While the evidence to sustain a verdict may not be of the most satisfactory or convincing character, yet, if the evidence tends to establish the material averments of the complaint, the Supreme Court will not disturb the verdict.

From the Henry Circuit Court.

*W. Grose* and *A. M. Grose,* for appellant.

*J. M. Brown, J. Brown, D. W. Chambers* and *E. Saint,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, complained of the appellant, as defendant, in the court below,. and said, in substance, that the appellee was an unmarried woman, and that the appellant resided in a dwelling-house kept and owned by him, within a few rods of the dwelling-house occupied and resided in by the appellee,. her son, John Stillwell, and her sister, Sarah Sheppard, in Henry county, Indiana; that, on July 21st, 1875, the appellant circulated and reported among his neighbors and other citizens, and caused a report to go abroad, that cer-

tain goods and chattels, to wit, some gold and silver and silk belonging to appellant's wife, Emily Durrah, and her brother's watch, had been feloniously stolen and taken from appellant's residence on said day; that the appellant, on said day, with the design and intention of injuring and ruining the appellee, in her good name, fame and credit among her neighbors and other citizens, did, in a conversation then and there had and held on the pike, in front of appellee's residence, and in the front yard thereof, with the appellee and her said sister, and in the presence and hearing of divers persons, of and concerning the appellee, and of and concerning the larceny of said watch, gold, silver, etc., falsely, maliciously and slanderously utter and publish the following false, slanderous and defamatory words, to wit: "Well, if you (the appellee meaning) will give up Em's (meaning the appellant's wife, Emily's) watch, I (meaning the appellant) will let the other things go. I (the appellant meaning) will be d—d, if anybody don't work any more than you (meaning the appellee), they have got to steal. If you (meaning the appellee) hadn't done it, d—d if you (meaning the appellee) wouldn't have seen who did do it; for you (meaning the appellee) are always seeing everything;" thereby charging and intending to impute to the appellee the larceny of the gold and silver, silk, etc., of the appellant's wife and of her brother's watch, and charging the appellee with the crime of larceny, and intending it to be suspected and believed that she had committed the crime of larceny. Wherefore the appellee said, that she was damaged in the sum of one thousand dollars, for which sum she demanded judgment.

To this complaint the appellant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action; which demurrer was overruled, and to this decision the appellant excepted. And the appellant then answered by a general denial of the complaint.

The cause was tried by a jury in the court below, and a

verdict was returned for the appellee, assessing her damages in the sum of one hundred and ninety-five dollars; and the appellant's motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered by the court on the verdict.

In this court the appellant has assigned as errors the following decisions of the court below:

1. In overruling his demurrer to appellee's complaint; and,

2. In overruling his motion for a new trial.

These alleged errors we will consider, and decide the questions thereby presented, in the order of their assignment.

1. It is insisted by appellant's counsel in their argument of this cause in this court, that the appellee's complaint is insufficient, in this, that there is no averment therein that a larceny had been committed. It was alleged in the complaint, that the appellant had reported among his neighbors and other citizens, that certain goods and chattels had been feloniously stolen and taken away from his residence. If this allegation was true, and the demurrer conceded its truth, it would be immaterial, as it seems to us, whether the larceny, so reported by the appellant, had or had not been committed. If the appellant had reported that the appellee had stolen his wife's watch, such charge would certainly be actionable, even if the watch had never been stolen, or if the appellant's wife had never owned a watch. 1 Starkie Slander & Libel, 77. In our opinion, the demurrer to the complaint was correctly overruled.

2. In his motion for a new trial of this action, the appellant assigned as causes therefor, that the verdict was not sustained by sufficient evidence, and that it was contrary to law; and also alleged error of law occurring at the trial, in the giving of certain instructions to the jury trying the cause. In their argument of this cause, the appellant's attorneys complain of the second instruction

of the court below to the jury.   This instruction was as follows:

"2.   If you find from a preponderance of the evidence given in this cause, that the defendant spoke the words, in substance, as alleged in the complaint, that he intended in the use of said words to say and charge that the plaintiff had been guilty of the crime of larceny, and that said words were spoken maliciously and in the presence of some person other than the plaintiff, then you should find for the plaintiff."

The objection to this instruction is, that it informed the jury that proof that the appellant spoke the words, in substance, as alleged in the complaint, would be sufficient. Appellant's counsel say: "This means other words with the same meaning, or equivalent words, will suffice; and this would be the meaning that the jury would likely give to the words 'in substance.'" In our opinion, the expression used in this instruction does not mean either other words with the same meaning or equivalent words; but it means the substance of the same words alleged in the complaint.   In the case of *Wheeler* v. *Robb*, 1 Blackf. 330, which may be regarded as the leading case in this court on the subject we are now considering, in speaking of the proof required in a slander suit under the general issue, it was held, that the plaintiff could prove his cause of action "by proof of the words themselves as laid, or the substance of them."   In the case of *Tucker* v. *Call*, 45 Ind. 31, the court below had instructed the jury, that, if they found from the evidence that the defendant spoke of and concerning the plaintiff, and of and concerning his character, substantially, any one or more of the sets of words, etc., they should find for the plaintiff; and, on appeal to this court, this instruction was approved.

Upon the authority of these cases, we hold that the appellant's objection to the instruction of the court below was not well taken.

Appellant's counsel have discussed at length the sufficiency of the evidence to sustain the verdict of the jury. We have read the evidence in the record. While it is not of the most satisfactory or convincing character, yet it seems to us, that there was evidence before the jury which tended to establish the material averments of the complaint. We can not, therefore, disturb the verdict on the evidence.

The motion for a new trial was properly overruled.

The judgment is affirmed, at the appellant's costs.